**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OSCAR BLADIMIR MARQUEZ-CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents. | No. 26-12703 (EP)<br><br>**OPINION** |

**PADIN, District Judge.**

On October 13, 2026, Oscar Marquez-Castillo filed an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. D.E. 11 ("Amended Petition" or "Am. Pet."). He challenges the revocation of his earlier release on bond by immigration authorities§ and the fairness of his September 29, 2026, bond hearing. Am. Pet. ¶¶ 44–78. Respondents contend that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that he received a fundamentally fair bond hearing. D.E. 13 ("Answer") at 1–4.

For the reasons below, the Court will **DENY** Counts I and II, **DISMISS *without prejudice*** Count III, and **DENY** Counts IV and V.

## I. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2014. Am. Pet. ¶¶ 11, 17; D.E. 13 at 1. On March 8, 2017, the Department of Homeland Security ("DHS") initiated removal proceedings, charging that Petitioner was present without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i). Am. Pet. ¶ 22; D.E. 16-1 ("Am. Immigration Judge 'IJ' Order") at 1. Those proceedings remain pending; his applications for asylum and cancellation of removal are before the immigration court. Am. Pet. ¶ 23; Am. IJ Order at 3.

In March 2017, New Jersey authorities charged Petitioner with aggravated assault and endangering an injured victim. Am. Pet. ¶ 21; Answer at 1. The criminal complaint alleged that he repeatedly struck and kicked another person who was lying unconscious. D.E. 12-1 ("Corr. Bond Tr.") at 17; Am. IJ Order at 3. Petitioner was admitted to a pretrial intervention program, and the charges were dismissed in December 2018. Am. Pet. ¶ 21; D.E. 13-2 ("Crim. History") at 4–5; D.E. 14-1 ("Order of Dismissal") at 3. Dismissal does not establish that the underlying conduct did not occur, but there was no conviction. *See generally* N.J. Ct. R. 3:28 (Pretrial Intervention Programs); N.J. Stat. Ann. § 2C:43-12.

While the criminal charges were still pending, an IJ ordered his release on a $9,000 immigration bond in April 2017. D.E. 13-1 ("Sept. 22, 2026, Form I-213") at 2. Petitioner alleges that for approximately nine years after his release on bond, he attended every immigration hearing and had no further arrests. Am. Pet. ¶ 23. His ties to the United States include a United States citizen daughter, continuing employment, and a lease. *Id.* ¶¶ 18–20; Corr. Bond Tr. at 8.

ICE re-arrested Petitioner in Guttenberg, New Jersey, on September 22, 2026. Am. Pet. ¶ 24; Answer at 1, and issued a Notice of Custody Determination, Form I-286, which stated Petitioner would be detained during removal proceedings, D.E. 13-4 ("Form I-286") at 1. A Form I-213 was prepared that evening and identified Petitioner's prior criminal charges, alleged his failure to update his address after the 2017 bond hearing, and asserted that he fled or eluded officers during arrest. Sept. 22, 2026, Form I-213 at 2. Petitioner disputes those assertions and submits address change notices from 2019 and 2025, although he acknowledges that those documents do not concern his July 2026 move to Guttenberg, New Jersey. D.E. 14 ("Reply") at 3; D.E. 14-2 ("Change of Address Forms").

Upon filing of the original Petition, D.E. 1, the Court entered an order restricting Petitioner's transfer from New Jersey and directing a prompt individualized bond hearing if Petitioner was detained under § 1226(a) and had not received a bond hearing. D.E. 5 ("Sept. 25, 2026, Order"). An IJ conducted the hearing on September 29, 2026, determined that mandatory detention did not apply, and denied bond on dangerousness and flight risk grounds. Corr. Bond Tr. at 19–21. DHS waived its appeal and Petitioner reserved the right to appeal. *Id.* at 21. On November 9, 2026, after Petitioner appealed, the IJ issued an amended written bond memorandum. D.E. 16 ("Nov. 13, 2026, Status Report") at 1; Am. IJ Order.

The bond hearing occurred on short notice, within approximately twenty-four hours, but Petitioner's counsel submitted a motion, memorandum, and a substantial exhibit submission. Am. Pet. ¶ 28; Corr. Bond Tr. at 6–7; D.E. 11-5 ("Bond Motion"). Counsel emphasized that Petitioner was released on bond in 2017, the criminal charges were dismissed, Petitioner had a record of making immigration appearances, and Petitioner had local work and family ties. Corr. Bond Tr. at 4, 8, 11–12. The IJ asked for the police narrative underlying Petitioner's 2017 assault charges, questioned gaps in Petitioner's tax returns, and inquired into the merits of the pending asylum and cancellation applications. Corr. Bond. Tr. at 5–6, 8–11. Petitioner's counsel explained that he was not counsel in the removal proceedings, and he twice offered to continue the hearing to obtain further records, but the IJ proceeded instead. *Id.* at 7, 9.

During the hearing, counsel for DHS uploaded the 2017 criminal complaint, criminal history records, and a state court criminal docket report. *Id.* at 16–17. DHS counsel also acknowledged uncertainty about that status of a 2019 bench warrant entry in the report. *Id.* at 17. The IJ interrupted the proceeding to permit Petitioner's counsel to review the new materials, after which counsel challenged DHS's assertion that Petitioner had pleaded guilty. *Id.* at 18–19. In

denying bond orally, the IJ referred to the alleged assault, a "bench warrant history," the apparent weakness of the pending applications for immigration relief, and other flight risk factors. *Id.* at 20–21. The written memorandum discussed Petitioner's failure to provide evidence regarding the nature of his 2017 arrest and the merits of Petitioner's immigration applications, but it did not rely on the bench warrant notation or expressly address the 2017 release on bond and nine years of immigration reporting compliance. Am. IJ Order at 3–4.

## II. JURISDICTION AND EXHAUSTION

A district court may entertain a petition by a person in custody allegedly in violation of federal law or the Constitution. 28 U.S.C. § 2241(c)(3). Although 8 U.S.C. § 1226(e) forecloses judicial review of discretionary detention determinations, it does not foreclose due process challenges to the procedures authorizing detention. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2–3 (3d Cir. Feb. 25, 2022) (not precedential) (reviewing fundamental fairness without reweighing the IJ's evidence). The Court will therefore address Petitioner's due process challenge to the bond hearing.

Respondents, however, seek dismissal based on Petitioner's failure to exhaust administrative remedies. Answer at 3–4. Administrative exhaustion prior to a habeas challenge to a bond determination is not a jurisdictional prerequisite. *See Quispe v. Rose*, 819 F. Supp. 3d 362, 369 (M.D. Pa. 2025) (finding good cause to excuse failure to exhaust administrative remedies). Here, Petitioner received a court ordered bond hearing, and this Court has jurisdiction to review compliance with due process while Petitioner's BIA appeal, challenging the IJ's discretionary determination, remains pending. Under these particular circumstances, the Court excuses prudential exhaustion of the constitutional issues and reaches their merits.

## III. DISCUSSION

### A. The September 29 Hearing Afforded Adequate Process (Count I)

Due process in immigration bond hearings requires fact finding on a disclosed record, a meaningful opportunity to advance arguments, and an individualized determination. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). To obtain relief for a procedural deprivation, a petitioner generally must establish both a denial of a reasonable opportunity to present his case and substantial prejudice—that the error had the potential to affect the result. *Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017). Section 1226(e) strips habeas courts of the authority to review discretionary judgments regarding bond hearings for noncitizens in removal proceedings. *Borbot v. Warden Hudson County Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018).

#### *1. Opportunity to present evidence*

Petitioner argues that the IJ refused his counsel reasonable time to obtain records for the bond hearing while faulting him for their absence. Am. Pet. ¶¶ 56–58. Counsel received approximately one day's notice, and the IJ questioned why he lacked a police narrative, earlier tax returns, and fuller information about the applications pending in removal proceedings. Corr. Bond Tr. at 5–11. The IJ did not accept counsel's offers to continue the hearing. *Id.* at 7–8. Inability to prepare for the hearing goes to the requirement of a meaningful opportunity to present arguments. *See Freza v. Att'y Gen.*, 49 F.4th 293, 299–300 (3d Cir. 2022) (examining short preparation time and denial of a continuance in assessing fairness).

The hearing, nevertheless, afforded Petitioner's counsel a meaningful, if abbreviated, presentation. He submitted a substantial record; argued the prior bond, dismissal of criminal charges, absence of new arrests, immigration reporting, employment, housing, and family ties; and

was allowed to respond after DHS uploaded additional criminal documents. Bond Motion; Corr. Bond Tr. In particular, DHS supplied the criminal complaint during the hearing, and the IJ recessed so Petitioner's counsel could review it and contest DHS's assertion of a guilty plea. Corr. Bond Tr. at 17–19. The "police narrative" the IJ requested, distinct from the complaint, was not subsequently submitted.

Nor does the record establish the requisite prejudice from the missing materials. The certified December 2018 Dismissal Order only corroborates what counsel argued at the hearing, and the IJ had before him. Order of Dismissal at 3. Petitioner has not identified missing favorable information or explained how it would undercut the violent conduct alleged in the complaint or the determination that Petitioner's pending immigration applications are unlikely to succeed. Am. Pet. ¶¶ 56–59; Nov. 13, 2026, Status Report at 1–2. Speculation that additional time might produce favorable evidence does not establish the requisite prejudice. Therefore, the refusal to continue the proceeding does not establish a prejudicial denial of a reasonable opportunity to be heard.

*2. The disputed warrant notation*

Petitioner also challenges the IJ's statement that a 2019 "bench warrant history" supported flight risk. Am. Pet. ¶¶ 51–52. DHS's counsel could not identify the warrant's basis or whether it concerned the completed criminal case. Corr. Bond Tr. at 17. Subsequent state court correspondence shows that no active warrant could be located. D.E. 14-1 ("Records Request") at 3–5. This fact diminishes the warrant notation's significance to the flight risk determination. Due process may be violated by reliance on materially unreliable evidence. *Ezeagwuna v. Ashcroft*, 325 F.3d 396, 405–08 (3d Cir. 2003). But the reference to a docket notation that was disclosed and subject to challenge does not, without more, render the custody hearing fundamentally unfair. Counsel received an opportunity to review DHS's exhibit after a recess. Corr. Bond Tr. at 17–18.

The IJ also identified independent flight risk considerations, notably his assessment of the merits of Petitioner's relief from removal, as well as a separate dangerousness ground based on the allegations of the criminal complaint. *Id.* at 20; Am. IJ Order. The later memorandum does not rely on the warrant. *Id.* Petitioner has not established that the IJ's reliance on notation made the proceeding constitutionally deficient.

*3. 2017 release on bond and an individualized determination*

Petitioner emphasizes that another IJ granted him bond in April 2017, while the assault charge was pending, and that he then spent approximately nine years in the community without missing an immigration hearing or being arrested again. Am. Pet. ¶¶ 22–23, 47–55. Those facts plainly bear on assessment of flight risk and present dangerousness. The IJ's oral decision and amended memorandum did not expressly address the earlier bond or nine-year compliance record. Corr. Bond Tr. at 20–21; Am. IJ Order.

However, the omissions do not demonstrate that the IJ decided custody on a categorical or legally impermissible basis. Counsel presented the prior decision and compliance history, and the IJ heard argument on them. The IJ then gave reasons directed to Petitioner's circumstances, primarily the specific assault allegations and the merits of the pending relief from removal. *Id.* Alleged criminal conduct that did not result in conviction and apparent strength of pending immigration relief are factors an IJ may consider. *See In Re: Jose Santos Mario Pereira A.K.A. Jose Santos Pereira Gomez A.K.A. Mario Pereira*, No. : AXXX XX8 770 - NEW, 2011 WL 1792616, at *1 (DCBABR Apr. 8, 2011) (affirming denial of bond where IJ considered arrest that did not result in conviction); *In Re: Francisco Ivan Echeverria-Delgado*, No. : AXXX XX5 222 - LAN, 2009 WL 1800064, at *2 (DCBABR June 3, 2009) (affirming bond determination based in part on premise that where noncitizen has potential eligibility for cancellation of removal, he has

greater motivation to appear for future removal proceedings). The Court may not decide the weight those factors should receive. Nor does the 2017 bond release create a conclusive presumption of release in a later custody redetermination. The Court concludes that the IJ provided an individualized determination, though contestable through appeal to the BIA, rather than constitutionally inadequate process.

*4. The oral ruling and amended memorandum*

Finally, Petitioner argues that the IJ's short oral ruling was inadequately explained and that the November 9 memorandum could not cure the hearing. Am. Pet. ¶ 59; Nov. 13, 2026, Status Report at 1–2. An IJ may provide reasons for a bond decision orally or in writing. 8 C.F.R. § 1003.19(f). Here, the IJ identified dangerousness and flight risk and gave reasons at the hearing: the alleged assault, the disputed warrant entry, the perceived weakness of asylum and cancellation applications, and lack of significant family ties. Corr. Bond Tr. at 20–21. The amended memorandum expanded on the criminal allegations and merits of relief from removal. Am. IJ Order. Because the Court finds no prejudicial deprivation of due process, Count I is **DENIED**.

**B. Revocation of 2017 Release on Bond Did Not Violate Due Process (Count II)**

Petitioner separately argues that ICE violated due process by revoking his 2017 bond release and re-arresting him without a stated reason, a changed circumstance, or a pre-revocation hearing. Am. Pet. ¶¶ 64–68. 8 U.S.C. § 1226(b) expressly permits the government to revoke bond authorized under § 1226(a) "at any time," rearrest the noncitizen under the original warrant, and detain him. The regulations similarly authorize revocation of release in the discretion of a designated official. 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). The regulations do not expressly require a finding of changed circumstances or a hearing before revocation.

Assuming without deciding that the earlier bond and longstanding release created a protected liberty interest, the Court considers what procedural process is due. Under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), courts consider the private interest affected by the official action, the risk of erroneous deprivation of the interest, the value of additional safeguards, and the government's interests. Petitioner has an interest in maintaining his liberty pending immigration proceedings, but the Government has a substantial interest in reducing risk of flight and danger pending removal proceedings.

The Form I-286 did not give reasons for re-detention but informed Petitioner of the custody determination and an opportunity to obtain IJ review. Form I-286 at 1. The Form I-213 identified the 2017 criminal charges and an alleged failure to update his address. Sept. 22, 2026, Form I-213 at 2. Petitioner received a bond hearing several days after re-arrest, at which counsel presented Petitioner's prior release and favorable compliance history and contested the adverse evidence. Corr. Bond Tr. The bond hearing provided constitutionally adequate process. This prompt review, with appeal to the BIA, substantially mitigates the risk of erroneous custody. Therefore, the Government's interest in detention pending removal proceedings to ameliorate flight risk or danger, without a pre-arrest hearing, is constitutionally adequate for detention upon revocation of earlier release on bond. Count II is **DENIED**.

**C. No Present Mandatory Detention Dispute Exists (Count III)**

Count III asserts, in the alternative, that Petitioner cannot be held under 8 U.S.C. §§ 1225(b)(2)(A) or 1226(c). Am. Pet. ¶¶ 69–73. Respondents expressly identify § 1226(a) as the current authority for detention, and the IJ rejected mandatory detention at the bond hearing. Answer at 2–3; Corr. Bond Tr. at 19. DHS waived appeal of that ruling. Corr. Bond Tr. at 21. Accordingly, Count III is **DISMISSED** ***without prejudice*** as moot

### D. Declaratory and Injunctive Relief Is Unwarranted (Counts IV And V)

Count IV requests declarations that detention is governed by § 1226(a), that the hearing violated due process, and that re-arrest was unconstitutional. Am. Pet. ¶¶ 74–75. Because Petitioner's claims fail, the requested declaratory relief is **DENIED**.

Count V asks the Court to continue its temporary restriction on transfer out of New Jersey, to restrict transfer of venue, and to impose conditions on any future re-detention following court ordered release. Am. Pet. ¶¶ 76–78. The temporary transfer restriction preserved meaningful review while this habeas case was pending. With final disposition of the constitutional claims and denial of relief, Petitioner has established no basis for extending protections. The Court **DENIES** Count and **DISSOLVES** the interim transfer restriction, D.E. 5.

## IV. CONCLUSION

The Court **DENIES** Counts I and II; **DISMISSES *without prejudice*** Count III as moot; and **DENIES** Counts IV and V. The September 25, 2026, interim transfer restriction is **DISSOLVED**. An appropriate Order follows.

Dated: November 25, 2026

Evelyn Padin, U.S.D.J.